

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CR 05-30128 |
| -vs- | OPINION AND ORDER |
| RUDY GARCIA, a/k/a RUDOLFO GARCIA, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant pleaded guilty to conspiracy to distribute or possess with intent to distribute methamphetamine. He was sentenced on February 21, 2007, to 272 months custody followed by five years supervised release. Defendant filed a pro se appeal to the United States Court of Appeals for the Eighth Circuit and that appeal was dismissed as untimely.

Defendant filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. The basis of the motion is ineffective assistance of counsel in (1) failing to file a notice of appeal, (2) at sentencing, and (3) failing to adequately investigate the government's charges. Defendant raises several other claims in his brief and affidavit including ineffective assistance of counsel in (1) failing to request a certified interpreter, (2) failing to hire an investigator, (3) failing to inform the Court that the government had breached the plea agreement, and (4) failing to properly advise the defendant as to plea negotiations. Defendant also filed an application to proceed without the pre-payment of fees. I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Defendant waived, as part of his plea, "any right to appeal any and all motions, defenses, probable cause determinations, and objections which he has asserted or could assert to this prosecution, and to the Court's entry of judgment against him and imposition of sentence, including sentence appeals under 18 U.S.C. § 3742." A promise made in a plea agreement to

waive appeal rights is binding upon petitioner and "is enforceable if (1) the appeal sought is within the scope of the waiver, (2) the waiver was knowing and voluntary, and (3) the enforcement of the waiver will not result in a miscarriage of justice." United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003). Defendant does not address the appeal waiver contained in his plea agreement, so there is no contention that the waiver is unenforceable. To the contrary, a review of the record compels the conclusion that his appeal waiver must be enforced. The waiver language in the plea agreement is clear. Defendant testified at his change of plea hearing that he fully understood he was waiving very important rights and that he fully understood what he was waiving. Defendant does not contend that his waiver was made unknowingly or involuntarily. He was warned by this Court in no uncertain terms what important rights he was waiving. Accordingly, that waiver may be specifically enforced.

Specifically excluded from the waiver of appeal rights was the "right to appeal the sentence for a determination of "reasonableness" should the Court impose a sentence above the advisory guideline range.

The presentence investigation report suggested that the defendant's criminal history category was III and his total offense level was 39, resulting in a Guidelines range of 324 - 405 months. I determined at sentencing that the drug quantity used to calculate the defendant's base offense level should be 6.8 kilograms of methamphetamine, based upon the defendant's own admission of the quantity he brought to South Dakota. Based upon that quantity, the total offense level was 37 with a Guidelines range of 262 - 327 months. Defendant was sentenced to 272 months, a sentence near the low end of the advisory Guidelines range. Defendant was not sentenced above the advisory Guidelines range.

Generally, I review ineffective assistance of counsel claims to determine whether petitioner can show both deficient performance by counsel and prejudice to the petitioner caused by that performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, the United States Court of Appeals for the Eighth Circuit has instructed that

> an attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary. *See Holloway v. United States*, 960

2

F.2d 1348, 1356-57 (8th Cir.1992). The appropriate remedy is to remand for re-sentencing, thus affording the petitioner an opportunity to take a timely direct appeal. *See id.* at 1357; *Estes v. United States*, 883 F.2d 645, 649 (8th Cir.1989).

<u>Barger v. United States</u>, 204 F.3d 1180, 1181-82 (8th Cir. 2000). It is necessary at the outset to make a determination whether counsel failed to file a notice of appeal after being requested to do so and, if so, whether failure to do so constituted ineffective assistance of counsel.

Based upon the foregoing,

IT IS ORDERED:

(1) Defendant's application to proceed without the prepayment of fees is granted.

(2) Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the United States Attorney in and for the District of South Dakota shall serve and file an answer or responsive pleading, together with a legal brief or memorandum in support thereof, that complies with Rule 5 of the Rules Governing § 2255 Proceedings on or before April 15, 2008 . The answer shall address only whether counsel was ineffective in failing to file a notice of appeal as directed.

Dated this 5th day of March, 2008..

BY THE COURT:

*[signature]*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
DEPUTY
(SEAL)

3