UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 05-30128 |
| Plaintiff, | |
| -vs- | ORDER GRANTING EVIDENTIARY HEARING AND APPOINTING COUNSEL |
| RUDY GARCIA, a/k/a RUDOLFO GARCIA, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED SEP 11 2008

In an Opinion and Order, the District Court[1] held that it was necessary at the outset to make a determination as to whether trial counsel failed to file a notice of appeal after Defendant, Rudy Garcia, a/k/a Rudolfo Garcia, requested that this be done, and if so, whether counsel's failure to file the appeal constituted ineffective assistance. The Court directed that Plaintiff, United States of America ("Government"), file an answer or responsive pleading, together with a legal brief or memorandum in support thereof, within 30 days.

This Court has reviewed the Government's response, including the addenda attached thereto, and Defendant's own response to the Opinion and Order. After doing so, the Court concludes that an evidentiary hearing should be held, pursuant to Rule 8(c) of the Rules Governing §2255 Proceedings ("§2255 Rules").

---

[1]The Honorable Charles B. Kornmann, United States District Judge, presiding.

Section 2255 provides that "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." See Fontaine v. United States, 411 U.S. 213, 215 (1973) (reversing summary dismissal and remanding for hearing because the "motion and the files and records of the case [did not] conclusively show that the petitioner [was] entitled to no relief"); see also Engelen v. United States, 68 F.3d 238, 240-41 (8th Cir. 1995) (no evidentiary hearing required where the allegations are "contradicted by the record, inherently incredible or conclusions rather than statements of fact"); Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1999) (district court erred by denying evidentiary hearing on allegations of ineffective assistance that were neither inadequate on their face nor conclusively refuted by the record). This statute, as well as the rules governing it, provide for an evidentiary hearing when the standard in Townsend v. Sain, 372 U.S. 293 (1963) requires, or permits one, in the discretion of the court. See Rule 8(a) of the §2255 Rules. The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) did not modify the standard for granting an evidentiary hearing in §2255 cases. Rather, Congress left in tact the Townsend standard. See Stead v. United States, 67 F.Supp.2d 1064, 1074, n.5 (D.S.D. 1999) ("although the AEDPA modified, to some extent, the Townsend standard for obtaining evidentiary hearings in 28 U.S.C. §2254 cases, Congress made no parallel changes in §2255 practice and evidently chose to leave in

2

tact the Townsend standard and to create a discrepancy between the right to an evidentiary hearing in §2254 and §2255 cases.").

The Court finds and concludes that there is a genuine issue of material fact as to whether Defendant actually instructed his trial counsel to file a notice of appeal. And, the Court believes that Defendant's ineffective assistance of counsel claim, with respect to the appeal issue, is not foreclosed by the Eighth Circuit's order dismissing his notice of appeal as being untimely taken. As the Government acknowledges, "[t]his case presents a factual rather than a legal dispute" and requires a "credibility assessment" as to whether trial counsel was directed to file a notice of appeal on Defendant's behalf. Defendant's allegations are not implausible and they could, if true, entitle him to relief. An evidentiary hearing is, therefore, called for in this instance. Such a hearing, however, will be limited only to whether counsel was ineffective in failing to file a notice of appeal as directed.

An evidentiary hearing carries with it an automatic right to the appointment of counsel. See Rule 8(c) of the §2255 Rules ("If an evidentiary hearing is warranted, the judge must appoint counsel to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. §3006A."); see also Roney v. United States, 205 F.3d 1061, 1063 (8th Cir. 2000) ("district court's failure to appoint counsel to represent §2255 movant in evidentiary hearing violated Rule 8(c) of the [§2255 Rules]"). The Court will accordingly appoint counsel for Defendant.

3

The Court will set a date, time and place for the holding of the evidentiary hearing after consultation with counsel. The Court also will issue a writ of habeas corpus ad prosequendum to secure Defendant's attendance for the hearing. A proposed writ and application should be submitted to the Court by Defendant's counsel.

Dated this 10th day of September, 2008, at Pierre, South Dakota.

BY THE COURT:

_____
MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
               Deputy
(SEAL)

4