# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH DAKOTA

## CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 05-30128-CBK |
| Plaintiff, | * | |
| -vs- | * | REPORT AND RECOMMENDATIONS FOR DISPOSITION OF MOTION UNDER §2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE |
| RUDY GARCIA, a/k/a RUDOLFO GARCIA, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The above-captioned 28 U.S.C. §2255 case was referred to this Court, pursuant to 28 U.S.C. §636(b), for the purpose of conducting any necessary hearings, including evidentiary hearings, and submitting proposed findings of fact and recommendations for disposition thereof.[1] Having carefully reviewed and considered all of the records on file and being fully advised in the premises, the Court does now make and propose the following findings, report and recommendations for disposition of the case.

I.

Defendant, Rudy Garcia, a/k/a Rudolfo Garcia ("Garcia"), pled guilty to conspiracy to distribute or possess with intent to distribute methamphetamine and was sentenced to 272

---

[1] The referral was made by the Honorable Charles B. Kornmann, United States District Judge.

months of imprisonment. Docket No. 66. He filed a pro se appeal to the Eighth Circuit Court of Appeals, id. at 70, but his appeal was dismissed because it was untimely taken, id. at 74.

Garcia then filed a motion under §2255 to vacate, set aside or correct his sentence. Id. at 77. After conducting an initial consideration of the motion, the District Court dismissed all of Garcia's claims, save one, referred the case to this Court and directed that Plaintiff, United States of America ("Government"), file an answer and brief. Id. at 81. This Court subsequently reviewed the Government's submissions, determined that an evidentiary hearing was warranted and appointed counsel for Garcia. Id. at 89.

On January 16, 2009, an evidentiary hearing was held at which two witnesses testified (trial counsel and Garcia) and five exhibits were received into evidence. Id. at 102. At the conclusion of the hearing, the Court took the case under advisement and indicated that it would prepare an appropriate report and recommendation for the District Court in due course. Evid. Hrg. Tr. 88.

II.

The only claim left to be decided is one based on ineffective assistance of trial counsel. Docket No. 81 at 3. Ordinarily, ineffective assistance claims are reviewed under the two-part Strickland test that requires proof (1) that counsel's performance was deficient, i.e., fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). But

2

where counsel disregards specific instructions from the defendant to file a notice of appeal in a criminal case, he "acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). "In such a case, prejudice is presumed because the defendant has forfeited his right to an appellate proceeding as a result of his counsel's error." Watson v. United States, 493 F.3d 960, 963-64 (8th Cir. 2007) (citing Flores-Ortega, 528 U.S. at 483-84). When this happens, a reviewing court need not inquire into the merits of the intended appeal or whether the defendant would have likely succeeded on the same. Watson, 493 F.3d at 964; see also Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000). The fact that the defendant has waived appellate rights as part of a plea agreement does not vitiate the Flores-Ortega presumption of prejudice. Watson, 493 F.3d at 964.

In the instant case, Garcia waived, as part of his plea to the drug conspiracy offense, "any right to appeal any and all motions, defenses, probable cause determinations and objections to which he has asserted or could assert to this prosecution and to the Court's entry of judgment against him and imposition of sentence, including sentencing appeals under 18 U.S.C. §3742." Docket No. 21 at ¶14. Specifically excluded from the waiver was the "right to appeal the sentence for a determination of 'reasonableness' should the Court impose a sentence above the advisory guideline range." Id.

Although the waiver may have limited the circumstances under which Garcia could take an appeal of his conviction or sentence, it did not foreclose an appeal altogether. If Garcia asked his trial counsel to file an appeal and counsel did not, Garcia was denied

3

ineffective assistance of counsel and is entitled to resentencing so that he can file a timely appeal. Watson, 493 F.3d at 964; see also Barger, 204 F.3d at 1182.

The issue then to be decided here is whether Garcia requested an appeal. He maintains, and testified at the evidentiary hearing, that he made such a request. Docket Nos. 77 at 8, 78 at 14; Evid. Hrg. Tr. 45, 63-64, 73, 78-79, 82-83. Trial counsel, however, asserts that during a post-sentencing consultation, Garcia said he did not want to appeal. Docket No. 84-5; Evid. Hrg. Tr. 22-23. Resolution of this issue requires the Court to comb carefully through the evidence, make a credibility determination and decide whether in fact counsel was instructed by Garcia to appeal.

### III.

At the outset, the Court is not at all convinced that Garcia's understanding of the English language was as limited as he attempted to portray it. He has been in the United States since 1991 (approximately 16 years prior to being sentenced), Evid. Hrg. Tr. 41, and picked up English on the street, through his employment and from his children, id. at 42, 48-51, 69-71. He testified twice that he understood the Indictment, the Plea Agreement and Factual Basis Statement that trial counsel read to him. Evid. Hrg. Ex. 2 at 5, 9-10, 14-15; Evid. Hrg. Tr. 51-56. At no time did he ever express any concerns to the District Court about not understanding counsel during his meetings with counsel. Evid. Hrg. Tr. 56. Garcia appeared to understand many of the questions asked of him during the evidentiary hearing and on at least one occasion answered a question propounded by the prosecutor without the

benefit of his interpreter. Id. at 50. He also acknowledged that counsel advised him of his right to appeal, that he understood what counsel said, id. at 63-64, and insisted that he told counsel, in English, that he wanted to appeal, id. at 45, 63-64, 78-79, 82-83. These statements support and give credence to counsel's testimony that he did not have any difficulty communicating with Garcia and that he was able to meet with and discuss the case with Garcia without any problems. Id. at 27. Counsel explained that an interpreter was used in court proceedings, for Garcia's benefit, to avoid having to slow the pace of the proceedings down and to ward off potential disruptions. Id. at 27, 33-37. Counsel described the language barrier between himself and Garcia to be "[v]ery minimal" and that with the possible exception of the names of co-defendants and potential witnesses and at times the speed of counsel's spoken word, the communication process went "pretty well." Id. at 27-29, 32-33. Tellingly, counsel brought up the problems that arose while using an interpreter at the sentencing hearing and how counsel asked Garcia to stop using the interpreter and to respond directly to counsel's questions in English. Id. at 37. The Court finds and concludes that Garcia had, at the time of his change of plea and sentencing, sufficient knowledge and familiarity with the English language to communicate with counsel and to avail himself of his right to appeal.

But did he avail himself of this right by directing trial counsel to appeal? The Court is not at all convinced that he did, finding that counsel was the more believable witness and

5

that Garcia's credibility was suspect. The Court's finding is based on its own personal observations of counsel and Garcia while they testified, and on the following:

1. The District Court's findings, at the sentencing hearing, that:

    a. Garcia's testimony "flies in the face of the factual basis statement that [he] signed and testified to as being correct at his change of plea hearing", Evid. Hrg. Ex. 5 at 385; Evid. Hrg. Tr. 58, "doesn't make any sense", Evid. Hrg. Ex. 5 at 386; Evid. Hrg. Tr. 59,"isn't true", Evid. Hrg. Ex. 5 at 387; Evid. Hrg. Tr. 59; and "is not believable", Evid. Hrg. Ex. 5 at 387; Evid. Hrg. Tr. 60-61;

    b. "[H]e either lied at his change of plea hearing or [ ] lied in his testimony now", Evid. Hrg. Ex. 5 at 387; Evid. Hrg. Tr. 58;

    c. His claim that there was another Rudy Garcia who was involved in the drug activity charged was "bogus", Evid. Hrg. Ex. 5 at 387; Evid. Hrg. Tr. 59-60; and

    d. He "waffled" and was "all over the map with his testimony in a number of areas", Evid. Hrg. Ex. 5 at 399.

2. Garcia initially testified that he and trial counsel talked about potential issues to raise on appeal and the likelihood of him winning any of them, Evid. Hrg. Tr. 72-73, but subsequently denied discussing potential appeal issues with counsel or the likelihood of him prevailing on them if he appealed his case, id. at 80-81.

3. Garcia denied being advised by counsel that the District Court could have sentenced him more harshly than it did, but thereafter admitted that his presentence investigation report called for a more severe sentence than the one the Court imposed and that counsel discussed this with him, id. at 73, 76.

4. Garcia claimed that he clearly told counsel, in English, that he wanted to appeal, id., at 79, 82, but contended that there may have been a "misunderstanding" about this because counsel did not "understand

6

> [him] well", id. at 78-79, and then later stated that he did not think counsel misunderstood what he said, id. at 83.

5. Garcia asserted under oath in an affidavit that he did not understand "the potential for an appeal after counsel explained his rights to him and was left with the 'belief' that [counsel] was going to file an appeal [o]n my behalf." Docket No. 79 at 5. At the evidentiary hearing, however, he testified that counsel explained his appeal right to him, that he understood this right and that he informed counsel he wanted to appeal. Evid. Hrg. Tr. 45, 63-64.

It appears that Garcia was disappointed and perhaps even mad at the District Court because the Court gave him more time than he expected or believed he deserved. Id. at 78. Counsel, however, testified that he and Garcia talked about this, id. at 17, and that after weighing all the options, Garcia told him twice that he did not want to appeal, id. at 22-23. Counsel's testimony of his discussions with Garcia, and version of events, were credible. Garcia's descriptions of what was said and took place, however, were scattered and inconsistent, and not worthy of belief.

The Court therefore finds and concludes that Garcia did not tell or otherwise communicate to trial counsel that he wanted to appeal his conviction and sentence. Because it is undisputed that counsel consulted with Garcia about the possibility of an appeal and that counsel had no reason to believe that Garcia wanted to appeal within the time period for doing so, counsel cannot be said to have acted in a professionally unreasonable manner or to have prejudiced Garcia's right to obtain appellate review. See Barger, 204 F.3d at 1182; see also Flores-Ortega, 528 U.S. at 484. Having failed to prove any impropriety on the part

of counsel with respect to the filing of a notice of appeal, Garcia's remaining ineffective assistance of counsel claim must be dismissed.

IV.

A movant is required to obtain a certificate of appealability (COA) from a district or circuit judge before appealing from the final order entered in a §2255 proceeding. 28 U.S.C. §2253(c)(1)(B). A district court is authorized to determine a COA if the movant has made a substantial showing of the denial of a constitutional right. §2253(c)(2); United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir.), cert. denied, 545 U.S. 1135 (2005); Garrett v. United States, 211 F.3d 1075, 1076 (8th Cir.) (per curiam), cert. denied, 531 U.S. 908 (2000). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Garrett, 211 F.3d at 1077; Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

The Court is convinced that Garcia cannot satisfy this standard and make the requisite "substantial showing" with respect to any of his claims. The claims do not even come close to running afoul of the Constitution and for this reason, a COA, based on them, should be denied.

V.

Based on the foregoing findings of fact and legal discussion and pursuant to §636(b) and Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, it is hereby

RECOMMENDED that Garcia's ineffective assistance of counsel claim for relief, the only claim not decided in the District Court's Opinion and Order filed on March 11, 2008, Docket No. 81, be denied in all respects. It is further

RECOMMENDED that Garcia's motion under §2255 to vacate, set aside or correct sentence by a person in federal custody, Docket No. 77, be dismissed on the merits and with prejudice. It is further

RECOMMENDED that a COA, if one is sought by Garcia, be denied as to all issues and claims raised in his §2255 motion.

Dated this 4th day of February, 2009, at Pierre, South Dakota.

BY THE COURT:

MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
        Deputy
(SEAL)

## NOTICE

Failure to file written objections to the foregoing Report and Recommendations within 10 days from the date of service shall bar an aggrieved party from attacking the Report and Recommendations before the United States District Judge assigned to review the case. <u>See</u> §636(b) and 8(b) of the §2255 Rules.