UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 05-30128 |
| Plaintiff, | |
| | OPINION AND ORDER |
| -vs- | |
| RUDY GARCIA, a/k/a RUDOLFO GARCIA, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant pleaded guilty to conspiracy to distribute or possess with intent to distribute methamphetamine and was sentenced to 272 months custody. He filed a pro se appeal to the United States Court of Appeals for the Eighth Circuit and that appeal was dismissed as untimely.

Defendant filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. The basis of the motion is ineffective assistance of counsel (1) in failing to file a notice of appeal, (2) in failing secure the services of a certified interpreter, (3) at sentencing, (4) failing to hire an investigator, (5) failing to inform the Court that the government had breached the plea agreement, and (6) failing to properly advise the defendant as to plea negotiations.

To support a claim of ineffective assistance of counsel, a two prong test must be met. "A reviewing court's task with respect to attorney performance is to 'determine whether, in light of all the circumstances, the [lawyer's performance was] outside the range of professionally competent assistance.'" Hill v. Lockhart, 28 F.3d 832, 837 (8th Cir. 1994), (*quoting* Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d (1984)). The burden of establishing ineffective assistance of counsel is on the petitioner. Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." *Id.*, *citing* Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. at 2068.

Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

**1. Ineffective Assistance in Failing to File an Appeal.**

Following initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, I referred to the magistrate the issue of whether counsel was ineffective in failing to file a notice of appeal. The magistrate conducted an evidentiary hearing and submitted a report and recommendation finding that the defendant did not request counsel to file an appeal. I adopted the report and recommendation. Counsel was not ineffective in failing to file a notice of appeal on behalf of the defendant.

**2. Assistance of an Interpreter.**

Defendant contends that counsel was ineffective in failing to have a certified court interpreter present at all in court hearings and out of court meetings with the defendant. Pursuant to the Court Interpreters Act, the Court is required to:

> utilize the services of the most available certified interpreter, or when no certified interpreter is reasonably available, as determined by the presiding judicial officer, the services of an otherwise qualified interpreter, in judicial proceedings instituted by the United States, if the presiding judicial officer determines on such officer's own motion or on the motion of a party that such party (including a defendant in a criminal case), or a witness who may present testimony in such judicial proceedings--
> (A) speaks only or primarily a language other than the English language.

28 U.S.C. § 1827(d)(1).

I have reviewed the audio recordings of the initial appearance, the arraignment, and the protracted sentencing hearing (which took place over the course of three days), as well as the transcripts from the change of plea hearing and the evidentiary hearing before the magistrate. No interpreter appeared at the initial appearance or the arraignment. The defendant told the magistrate judge at the initial appearance that he had no difficulty in understanding or reading English. He answered all the magistrate's questions appropriately without hesitation, indicating that he did understand and could speak English. The magistrate told counsel for the defendant to

notify his office prior to the arraignment if an interpreter was requested. No interpreter was requested or appeared for the arraignment. Again, at that hearing the defendant appropriately answered all the magistrate's questions without hesitation or prompting by his attorney or anyone else. Defendant's attorney told the magistrate judge that any language barrier was easily overcome by repeating words that were not easily understood and the defendant did not object to that statement. The magistrate judge told the defendant that he should interrupt any time he did not understand something and the defendant agreed to do so.

At the change of plea hearing, it was clear that the defendant understood English very well and spoke English well enough to be understood. A qualified Spanish language interpreter appeared alongside the defendant at the change of plea hearing but the defendant answered many of my questions without the interpreter's assistance. Further, during the defendant's change of plea hearing, I asked him if he was fully satisfied with his attorney and he had every opportunity to raise an objection, with the assistance of an interpreter, at that time if he thought that counsel should have employed an interpreter to go over the paperwork concerning his case.

During the sentencing hearing on December 28, 2006, a qualified Spanish interpreter appeared to assist the defendant. At that hearing, the defendant would answer questions in English even before the interpreter repeated the questions in Spanish. He stated at that time that he understands English but has difficulty speaking English. At that hearing, counsel for the defendant stated in open court that no interpreter was used in reviewing the investigation materials and the presentence investigation report ("PSR") because the defendant did not have any difficulty in understanding English. An interpreter was used at court hearings simply to make things go smoother and to avoid delays in having to repeat anything the defendant did not understand. That statement was interpreted in Spanish to the defendant during that hearing and he did not object in any way to his attorney's statement.

At the evidentiary hearing before the magistrate, counsel for the defendant again stated that he read the PSR to the defendant and there were no problems communicating with the defendant. I reject defendant's claim that counsel was ineffective in failing to secure the services of a Spanish language interpreter during consultation with the defendant or during court hearings.

The defendant does not speak only or primarily Spanish. He spoke and understood English without difficulty during the criminal proceedings against him. Defendant did not object at any time to the use of non-certified court interpreters. "[T]he ultimate question is whether the translator's performance has rendered the [proceedings] fundamentally unfair." United States v. Gonzales, 339 F.3d 725, 729 (8th Cir. 2003) (*quoting* United States v. Huang, 960 F.2d 1128, 1136 (2d Cir.1992)). There is no evidence that the Court's decision to utilize the services of otherwise qualified interpreters affected defendant's substantial rights.

Based upon an extensive review of the proceedings, I find that counsel was not ineffective in failing to have a certified court interpreter present at all in court hearings and out of court meetings with the defendant.

### 3. Ineffective Assistance at Sentencing.

Defendant contends that counsel was ineffective in failing to bring to the Court's attention factual inaccuracies in the PSR which were relevant to the determination of drug quantity. Counsel for the defendant did object to the offense conduct section and the relevant conduct sections of the PSR. Drug quantity for the purposes of determining the defendant's guideline sentencing range was hotly contested. At least ten witnesses testified as to drug quantity during the first two days of the sentencing hearing, December 28-29, 2006. Extensive arguments were made on the third day of the sentencing hearing, February 21, 2007. I rejected the drug quantity determined in the PSR and instead sentenced the defendant based upon a lower drug quantity, a drug quantity that he admitted to in his testimony. Counsel was not ineffective at sentencing as claimed by the defendant.

Defendant contends that counsel was ineffective in failing to investigate, interview, and call alibi witnesses and to argue mitigating evidence at his sentencing hearing. Counsel did call witnesses on behalf of the defendant at the sentencing hearing. Counsel also strenuously argued for a lower sentence, taking into account the defendant's cooperation with Nebraska Drug Task Force agents.

The Eighth Circuit has "stated that failing to interview witnesses or discover mitigating evidence may be a basis for finding counsel ineffective within the meaning of the Sixth Amendment right to counsel." Kramer v. Kemna, 21 F.3d 305, 309 (8th Cir.1994). However,

defendant must identify who the additional witnesses were that he contends should have been interviewed. In addition to identifying what witnesses should have been interviewed, defendant would be required to produce an affidavit from any witness that he contends should have been interviewed, or make some other substantial showing as to what the witness would have allegedly said had the witness been interviewed or called to testify. *See* Sanders v. Trickey, 875 F.2d 205, 210 (8th Cir. 1989). Defendant would further be required to show that counsel was informed of the existence of any witnesses not called to testify.

Defendant has failed to allege any facts showing that counsel was ineffective in failing to call additional witnesses in mitigation of his sentencing.

Defendant contends that counsel was ineffective in failing to object to the criminal history calculation and in failing to request a downward departure. Counsel did object to the specific paragraphs referred to in the defendant's affidavit in support of his motion to vacate. Counsel filed 16 objections to factual matters affecting the guideline range, four objections concerning the criminal history calculation, and objected to the probation officer's failure to set forth facts warranting a departure or variance from the guideline range. I reject defendant's contention that counsel provided ineffective assistance in conjunction with the presentence investigation report or the sentencing hearing.

### 4. Ineffective Assistance in Investigating.

Defendant contends that counsel provided ineffective assistance in failing to investigate the strength of the government's charges against the defendant or to hire an investigator. As set forth above, the defendant has failed to set forth any facts he claims his attorney should have discovered or any witnesses his attorney should have interviewed but did not.

The Supreme Court has stated that habeas corpus relief functions "to assure that no man has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted." Bousley, 523 U.S. 614, 620, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998). Petitioner admitted at least three times at his plea hearing that he was not innocent.

Even if counsel for the defendant failed to conduct a more extensive investigation of the charges against the defendant, he cannot demonstrate prejudice, that is, that the outcome of his case would have been different. Defendant was implicated by every drug defendant from the

5

Rosebud Reservation that was indicted within two years of his sentencing. I found, based upon the evidence received during the sentencing hearings, that this defendant was responsible for introducing methamphetamine to the Rosebud. Not one single witness testified that the defendant was not involved in a conspiracy to distribute methamphetamine on the Rosebud. The only so-called mitigating evidence that was presented concerned the quantity or particular transactions in which he was involved. Defendant cannot demonstrate that the outcome of his criminal proceedings would have been any different but for counsel's alleged errors.

## 5. Ineffective Assistance in Conjunction With Plea Matters.

Defendant contends that counsel provided ineffective assistance in conjunction with his guilty plea. He contends that he was told that he would receive no more than a five year sentence, that he was not advised of the consequences of his guilty plea, and that counsel failed to advise him of the impact of the Federal Sentencing Guidelines on his sentence.

To support a claim of ineffective assistance of counsel in conjunction with a guilty plea, a two prong test must be met. "To succeed on this claim, [petitioner] must show ineffective assistance--that counsel's representation fell below an objective standard of reasonableness--and prejudice–"a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

To the extent that defendant is claiming his plea was involuntary because his counsel rendered ineffective assistance, defendant "must overcome 'strong presumptions' of counsel's competence and of the voluntariness of his guilty plea based on his representations at the plea hearing." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993). Defendant's representations during the plea hearing "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Bramlett v. Lockhart, 876 F.2d 644, 648 (8th Cir. 1989) (*citing* Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir.1985) (quoting Blackledge v. Allison, 431 U.S. 63, 73, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977))).

Defendant signed a factual basis statement wherein he admitted the conduct set forth in the indictment. During the change-of-plea hearing, defendant testified under oath that he

understood the plea agreement, he was "fully" satisfied with his lawyer's services, and he was pleading guilty without coercion of any kind. He stated twice that the factual basis statement was true and correct. He understood the minimum sentence was five years custody and the maximum sentence was forty years custody. Defendant's testimony at the plea hearing that he was not promised anything other than what was in the plea agreement "constitutes persuasive evidence of voluntariness . . . which has not been overcome by his later allegations." Bramlett v. Lockhart, 876 F.2d at 647.

Defendant claims that he was promised by counsel that he would receive a sentence of five years. There is no such promise in the plea agreement. At the plea colloquy, defendant was advised very clearly what the maximum penalties were and he stated under oath that he understood those penalties. He further stated that nobody promised him what sentence he would receive and he understood that any estimate of sentence made by his counsel or counsel for the government was just an estimate and the Court was not bound by any such estimate.

Defendant contends that counsel failed to advise him of the impact of the Federal Sentencing Guidelines on his sentence. Even if counsel failed to do so, I did so advise him at his change of plea hearing and he indicated that he understood all those matters.

I find that defendant has failed to set forth even a preliminary showing that counsel was ineffective in conjunction with his plea of guilty. I further find that defendant cannot show that, absent any alleged errors, the outcome of his proceedings would have been any different.

The district court must hold an evidentiary hearing on a § 2255 motion which presents factual issues. United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980). However, a § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). No further evidentiary hearing is necessary in this matter because, after a review of the record, it is clear that defendant is not entitled to relief.

It plainly appears from the face of the motion that the petitioner is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Based upon the foregoing,

IT IS ORDERED that the motion to vacate, set aside, or correct sentence is denied. This matter is dismissed.

Dated this 23rd day of October, 2009

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Barbara Joepke*
DEPUTY
(SEAL)